Filed 4/21/26  P. v. Alcazar CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>BALTAZAR ALCAZAR,<br>        Defendant and Appellant. | C103840<br><br>(Super. Ct. No.<br>MANCRFE20120002712) |

Defendant Baltazar Alcazar appeals from the trial court's postjudgment order denying his motion to vacate his conviction under Penal Code section 1473.7.[1]  His counsel filed an opening brief setting forth the factual and procedural background of the case and asking this court to review the record and determine whether there are arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Alcazar was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and he has not filed a supplemental brief.

Although this is not Alcazar's first appeal as of right, in the interest of judicial economy, we exercise our discretion to independently review the record.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233, fn. 6 (*Delgadillo*).)  Having done so, we find no

---

[1]  Undesignated statutory references are to the Penal Code.

1

arguable error that would result in a disposition more favorable to Alcazar. The trial court's postjudgment order denying Alcazar's motion to vacate is affirmed.

BACKGROUND

In May 2012, Alcazar was charged with possession of a controlled substance for sale (Health & Saf. Code, § 11378—count 1), criminal street gang activity (§ 186.22, subd. (a)—count 2), receiving stolen property (§ 496, subd. (a)—count 3), two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)—counts 4 & 5), possession of ammunition by a felon (§ 30305, subd. (a)(1)—count 6), carrying a concealed firearm in a vehicle (§ 25400, subd. (a)(1)—count 7), possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)—count 8), and transportation and/or sale of a controlled substance (*id.*, § 11379—count 9). As to counts 1 and 9, the complaint alleged Alcazar was armed with a firearm. (§ 12022, subd. (c).) The complaint further alleged that Alcazar suffered a prior strike conviction (§ 667, subd. (d), 1170.12, subd. (b)) and served two prior prison terms (§ 667.5, subd. (b)).

In July 2012, Alcazar pled guilty to counts 1 and 2. The parties stipulated to an aggregate state prison term of seven years four months, consisting of the upper term of three years on count 1, doubled to six years pursuant to the strike, plus the middle term of eight months on count 2, doubled to 16 months pursuant to the strike. The prosecutor recited the factual basis for the plea as follows: "On May 8th·of 2012 in Manteca, San Joaquin County, the defendant was in possession of a substance, which was later analyzed by [the] Department of Justice and was determined to contain 3.48 grams net of methamphetamine. [¶] In his possession, he also had a firearm, as well as other·indicia of narcotic sales. He also had text messages·indicating narcotic sales. [¶] Based on all these circumstances, a detective from the Manteca Police Department would testify -- a qualified narcotics expert would testify that he possessed these items for purposes of sale. [¶] Also, based on his tattoos and his prior admissions and his prior contacts, as well as his classifications in prison, as well as jail and his past history, he has admitted to

2

being [a] Sureno gang member. [¶] Manteca Police Department gang expert would testify based on the fact that he was in possession of a firearm, he's a gangster, that he possessed the narcotics for purposes of sale in furtherance of the Sureno gang activity. All this happened in Manteca."

The trial court sentenced Alcazar in accordance with the plea agreement and also imposed mandatory fines and fees totaling $380. Alcazar received 67 days of custody credit. All other counts and enhancements were dismissed.

In January 2025, Alcazar filed a motion to vacate his conviction on count 2 (§ 186.22, subd. (a)) under section 1473.7, claiming newly discovered evidence showed he was factually innocent. Alcazar explained that the "evidence" consisted of a California Supreme Court opinion "that clarified the statute and disapproved previous Court of Appeal cases that otherwise permitted his conviction on the same facts," citing *People v. Rodriguez* (2012) 55 Cal.4th 1125 as constituting the "new evidence." Alcazar acknowledged that this argument appeared barred by *People v. Perez* (2020) 47 Cal.App.5th 994, which held: "The publication of a new appellate opinion is not newly discovered evidence as that term is used in section 1473.7, subdivision (a)(2)." (*Perez*, at p. 999.)

The People opposed the motion to vacate citing *Perez*. The People also submitted a supplemental opposition arguing Alcazar was still guilty of a violation under section 186.22, subdivision (a) despite changes in the law made by *Rodriguez*.

In April 2025, the trial court conducted a hearing on Alcazar's motion to vacate and denied the motion. Alcazar timely appealed.

DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is

3

compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not required in an appeal from a postjudgment order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-226.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id.* at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice did not inform the defendant that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 233 & fn. 6.)

While *Delgadillo* addressed the application of *Wende's* review procedures in the specific context of a postjudgment relief order under section 1172.6 (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), the same principles may nonetheless apply in the present matter given that this is not Alcazar's first appeal as of right. However, we need not decide whether *Delgadillo* in fact governs review of this order denying Alcazar's motion to vacate his conviction under section 1473.7 because, like our Supreme Court, we exercise our discretion to conduct an independent review of the record. Having done so, we find no arguable error that would result in a disposition more favorable to Alcazar.

## DISPOSITION

The trial court's postjudgment order denying Alcazar's motion to vacate is affirmed.

/s/

BOULWARE EURIE, J.

We concur:

/s/

KRAUSE, Acting P. J.

/s/

WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.